# REMARKS OF COURT.

---

(July 28, 1919.)

Criminal Verdict—Opinion of Court.
    1. The court has no right to set aside a verdict of the jury in a criminal case, but may be under the duty of expressing disapprobation publicly.

Judicial Power—Judge and Jury.
    2. The jury tries all questions of fact, while the judge tries all questions of law, as is shown by the oath of the jury.

Punishment—Judge.

> 3. In criminal cases the judge fixes the punishment, having heard the evidence before the jury, and anything additional which seems proper. If he errs, the defendant may appeal and reverse, or may, after sentence, seek a pardon from the president.

HAMILTON, Judge.

Gentlemen of the jury panel:

Before taking up a new case it occurs to me that something should be said to you growing out of the last case decided by a jury taken from your body.

A verdict was brought in of not guilty in face of the fact that the defendant had in open court admitted every element of the crime charged, except the intent, which the court charged the jury was immaterial. The proof as to where the crime was committed could have been stronger, but I am quite sure that no one on the jury doubted that it was in San Juan bay, in full sight of where the jury sat.

If this had been a civil case I would have directed a verdict for the plaintiff, but under the American system a judge can neither direct a verdict of guilty or set aside a verdict of not guilty in a criminal case.

I cannot change this verdict, but I feel it is my duty to express my lack of concurrence in it. In order to avoid anything similar in the future, I have been trying to find an explanation of the verdict. I do not take into account the nature of the crime in any way. I think that the verdict must rest either upon the view of the jury that they could judge of the law and whether it should be applied, or upon a feeling that I would impose too heavy a punishment. If either is the explanation it

must be that I have not made the duties of judge and jury sufficiently clear.

In the United States the judicial power is exercised by courts, each made up of judge and jury. The functions of these two are entirely distinct, although, from the necessity of having some head to the court, it is the duty of the judge to exercise a general supervision of the jury as well as of other officials and attorneys. In a criminal case the jury tries all questions of fact, while the judge tries all questions of law. The oath administered to the jury by the clerk is as follows:—

"You, and each of you, do solemnly swear that you will well and truly try the issue joined in the case now before the court and a true verdict render, according to the evidence as presented to you and the law as given to you by the court, so help you God." It is as improper for the jury to attempt to determine what is the law, as it is for the judge to attempt to determine what are the facts. These functions are equally important and equally distinct. The jury decides upon a verdict of guilty or not guilty, as the case may be. Supposing a verdict of guilty is found, it then becomes the duty of the judge to impose a punishment within the bounds fixed by law. The judge has heard all the evidence presented before the jury, and also hears any additional evidence which the defendant wishes to present bearing upon the proper amount of penalty. After this hearing the judge fixes the punishment. Of course the judge may make a mistake and impose too severe a punishment; still, if he makes a mistake the defendant has two remedies: (1) He may appeal to the circuit court of appeals and the case may be reversed and tried over. On the other hand the government cannot appeal in a criminal case, except in certain constitutional

Remarks of Court.

questions, which seldom arise. (2) The defendant can apply to the President to lessen the punishment or even to pardon the offense. The President, through the Department of Justice, examines the matter and decides independently of what the judge has done; and the action of the President is final.

Upon the whole, if there is any remark to be made, it is that the prisoner is favored rather than the public. There certainly is no occasion for a jury to interfere in advance on the idea that the defendant is not going to receive justice.

We do not want to encourage any loose methods. We will not remove the ancient landmarks. The distinction of judge and jury is an essential part of American institutions, and the jury is perhaps the greatest of all Americanizing forces in Porto Rico. Let me add that once when I was in Washington I had an interview with the Honorable William Jones, author of what is known as the Jones Act, on the subject of juries in Porto Rico, as it had been reported to him that the system was not suited to this Island. I assured him, as warmly as I knew how, that the report was a mistake, and that, in my judgment, the jury system worked as well here as it did elsewhere in the United States; and there is no doubt that I ought to know at least as well as anyone.

These remarks, gentlemen, have no reference to the guilt or innocence of the defendant in the next case, nor are they intended as criticism of anyone. They are directed to the enforcement of law, every law that may come before you. Gentlemen, I want you to co-operate with me. It is my wish and ambition, and I am quite sure it is yours, to have the jury system work as perfectly as human conditions admit. We want to learn from experience of the past to improve court practice for the future,

and keep Porto Rico abreast of the other ninety Federal judicial districts of the United States.